Heidi G. Goebel, 10343
CHRISTENSEN & JENSEN, P.C.
15 West South Temple, Suite 800
Salt Lake City, Utah 84101
Telephone:    (801) 323-5000
Facsimile:    (801) 355-3472
Email: heidi.goebel@chrisjen.com

*Attorneys for Plaintiff, AXIS Surplus Insurance Company*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>ROBERT D. GERINGER; KIRBY D. COCHRAN; ROBERT CLAWSON; DOUGLAS W. CHILD; JEFF AUSTIN; WILLIAM H. DAVIDSON; WILLIAM J. WARWICK; WILLIAM GRUNDY; and KEITH GREEN,<br><br>Defendants. | **COMPLAINT FOR INTERPLEADER**<br><br>Civil Case No. 2:14-cv-00244-BCW<br><br>Magistrate Judge: Brooke C. Wells |

## INTRODUCTION

Plaintiff, AXIS SURPLUS INSURANCE COMPANY ("AXIS"), brings this Complaint for Interpleader pursuant to 28 U.S.C. § 1335 against Defendants Robert D. Geringer, Kirby D. Cochran, Robert Clawson, Douglas W. Child, Jeff Austin, William H. Davidson, William J. Warwick, William Grundy, and Keith Green. In support hereof, AXIS alleges as follows:

1. AXIS issued a $1 million insurance policy providing coverage to the directors, officers, and employees of Castle Arch Real Estate Investment Company, LLC ("CAREIC") for Non-Indemnifiable Loss only. CAREIC and its affiliates declared bankruptcy in October 2011. The Chapter 11 bankruptcy trustee of CAREIC and its affiliates is currently asserting claims against nine of CAREIC's former directors, officers, and/or employees. The trustee seeks damages which exceed the AXIS policy's limit of liability. With the approval of all interested Insureds, AXIS has paid defense costs totaling $410,338.39, which has reduced the AXIS policy's limit of liability to $589,661.61. AXIS does not seek to avoid its obligation to pay the remaining policy proceeds. AXIS has repeatedly advised its Insureds that it will not favor one Insured over another Insured. At least one of the interested Insureds has objected to AXIS' proposal to make available to each interested Insured an equal portion of the remaining policy proceeds to settle or defend against the trustee's claims. Further, there are presently competing demands on the remaining policy proceeds which exceed the amount of the remaining policy proceeds. AXIS therefore seeks to interplead the $589,661.61 in remaining policy proceeds to resolve the competing demands for the policy's remaining proceeds.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action for interpleader pursuant to 28 U.S.C. § 1335 because AXIS has in its custody property in excess of $500 to which more than two adverse claimants of diverse citizenship are claiming or will imminently claim to be entitled.

3. Pursuant to 28 U.S.C. § 1335(a)(2), AXIS will deposit its remaining policy proceeds of $589,661.61 into the registry of this Court to abide by the judgment of the Court.

4. Pursuant to 28 U.S.C. § 1391, venue is proper in this District because the events giving rise to this dispute occurred within this District.

## PARTIES

5. AXIS is an insurance company domiciled in the State of Illinois. AXIS legally transacts business in Utah and within the geographical jurisdiction of the United States District Court for the District of Utah.

6. Subject to the terms, conditions, exclusions, and endorsements of the AXIS policy, AXIS provides insurance coverage for Non-Indemnifiable Loss to the directors, officers, and employees of CAREIC for the period of December 20, 2010 to January 20, 2013. AXIS is informed and believes, and therefore alleges, that each of the nine defendants was a director, officer, and/or employee of CAREIC and, thus, an Insured under the policy.

7. Robert D. Geringer is a citizen of the State of California. Geringer was the President of CAREIC and a member of its Board of Directors.

8. Kirby D. Cochran is a citizen of the State of Utah. Cochran was the CEO of CAREIC and Chairman of its Board of Directors from CAREIC's inception in 2004 until May 15, 2007. Cochran remained on CAREIC's Board of Directors until July 12, 2011.

9. Robert Clawson is a citizen of the State of California. Clawson was the Managing Director of Business Development of CAREIC.

10. Jeff Austin is a citizen of the State of California. Austin was the Senior Vice President of Business Development of CAREIC and a member of CAREIC's Board of Directors. Austin was also the CEO of CAREIC from November 2010 until July 12, 2011.

11. Douglas W. Child is a citizen of the State of Utah. Child was the CFO of CAREIC and a member of its Board of Directors.

12. William H. Davidson is a citizen of the State of California. Davidson was a member of the Board of Directors of CAREIC. Davidson was Chairman of the Board of Directors from May 15, 2007 until November 2010.

13. William J. Warwick is a citizen of the State of North Carolina. Warwick was a member of the Board of Directors of CAREIC.

14. William Grundy is a citizen of the State of Illinois. Grundy was the Regional Vice President of Business Development – East Region of CAREIC.

15. Keith Green is a citizen of the State of California. Green was the Regional Vice President of Business Development – West Region of CAREIC.

16. Geringer, Cochran, Clawson, Austin, Child, Davidson, Warwick, Grundy, and Green are collectively referred to herein as the "Insureds."

## AXIS POLICY

17. AXIS issued to CAREIC Private Equity and Venture Capital Fund Liability Policy No. EAN756858/01/2010 for the Policy Period of December 20, 2010 to January 20, 2013 (the "Policy"). Subject to its terms, conditions, exclusions, and endorsements, the Policy contains a maximum aggregate Limit of Liability of $1 million and provides insurance coverage

to the directors, officers, and employees of CAREIC.  A copy of the Policy is attached as Exhibit 1.

18. The Policy provides coverage only for Non-Indemnifiable Loss which includes Loss incurred by Insureds for which the Policyholder (i.e., CAREIC) is neither permitted nor required by common or statutory law to indemnify such Insureds, or is financially unable to indemnify such Insureds by reason of Financial Impairment. CAREIC is bankrupt and, as a result, the Insureds are not being indemnified.

19. Under the Policy, Defense Costs, as defined in the Policy, are part of, and not in addition to, the Limit of Liability.  Payment by AXIS of Defense Costs reduces and may totally exhaust the Limit of Liability.

## BACKGROUND

20. On October 17, 2011, CAREIC filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah.[1]

21. On May 3, 2012, the Bankruptcy Court approved the appointment of D. Ray Strong as the Chapter 11 Trustee (the "Trustee") on behalf of CAREIC and certain of its subsidiaries or affiliates, including CAOP Managers, LLC, Castle Arch Kingman, LLC, Castle Arch Secured Development Fund, LLC, Castle Arch Smyrna, LLC, Castle Arch Star Valley,

---

[1] Bankruptcy Case No. 11-35082, Dkt. No. 1. On October 20, 2011, several affiliates of CAREIC, including Castle Arch Opportunity Partner Managers, LLC, Castle Arch Opportunity Partners I, LLC, Castle Arch Opportunity Partners II, LLC, Castle Arch Kingman, LLC, Castle Arch Secured Development Fund, LLC, and Castle Arch Smyrna, LLC, similarly filed bankruptcy petitions all of which have been consolidated under Case No. 11-35082.

LLC, Castle Arch Opportunity Partners I, LLC, and Castle Arch Opportunity Partners II, LLC (collectively, the "Debtors"). (Case No. 11-35082, Dkt. No. 215.)

22. On January 18, 2013, the Trustee issued demand letters to certain of the Insureds, including Geringer, Cochran, Austin, Clawson, Child, Davidson, and Warwick, alleging that they committed unspecified errors, misstatements, misleading statements, acts, omissions, negligence, and breaches of duty in their capacities as directors, officers, trustees, managers, managing members, or employees of one or more of the Debtors. The Trustee claims he will file a complaint at the appropriate time.

23. On October 12, 2013, the Trustee issued a draft complaint against the Insureds, alleging that they raised over $73.6 million from investors through a conspiracy involving fraudulent securities offerings, breached their fiduciary duties to the Debtors and their investors, and otherwise received fraudulent or preferential transfers prior to the Debtors' petition for bankruptcy.

24. The Trustee's draft complaint contains 19 causes of action against the Insureds for violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 thereunder, violation of Section 15 of the Exchange Act, violation of Section 5 of the Securities Act of 1933, common law fraud, negligent misrepresentation, breach of fiduciary duty, civil conspiracy, violation of Sections 1962(c) and (d) of the RICO Act, avoidance of fraudulent transfers under Sections 548(a)(1)(A), 548(a)(1)(B), and 544 of the Bankruptcy Act and Sections 25-6-5(1)(a), 25-6-5(1)(b), 25-6-6(1), and 25-6-8 of the Utah Code, avoidance of preferential transfers under Section 547(b) of the Bankruptcy Act, recovery of avoided transfers under

Sections 550 and 551 of the Bankruptcy Act, disallowance of claims under Section 502 of the Bankruptcy Act, subordination under Section 510(c) of the Bankruptcy Act, constructive trust, and unjust enrichment and disgorgement.

25. The Trustee seeks as relief actual damages, treble damages, punitive damages, rescission of all sales of securities in violation of the Exchange Act, avoidance and recovery of avoided transfers, disallowance or subordination of claims asserted by the Insureds against the Debtors, imposition of a constructive trust, disgorgement, pre-judgment interest, attorneys' fees, and costs.

26. The Insureds executed agreements with the Trustee tolling the statutes of limitation applicable to the Trustee's claims through April 15, 2014.

27. The Trustee advised AXIS that he expects to seek damages in excess of $50 million.

## COMPETING CLAIMS

28. In response to the Trustee's claims, each of the Insureds seeks coverage under the Policy for defense and indemnity.

29. On January 9, 2014, the Insureds obtained an Order from the United States Bankruptcy Court for the District of Utah authorizing AXIS to advance Defense Costs to the Insureds under the Policy. (Case No. 11-35082, Dkt. No. 885.)

30. AXIS has advised each of the Insureds on numerous occasions that AXIS will treat all of its Insureds equally and will not favor one Insured over another with respect to the Trustee's claims against them.

31.     Consistent with its efforts to treat the Insureds equally, AXIS participated in a global mediation on February 21, 2014 in attempt to extricate all of the Insureds from the Trustee's claims. The parties were unable to reach a global settlement.

32.     On or about March 17, 2014, the Insureds authorized AXIS to pay Defense Costs totaling $410,338.39 to the mediator and the six separate law firms chosen by the Insureds to represent them, which AXIS has paid, thereby leaving $589,661.61 in remaining Policy proceeds.

33.     The Trustee has indicated he will not agree to a global settlement for an amount within the remaining Policy proceeds.

34.     On March 11, 2014, the Trustee issued settlement demands to certain of the Insureds which, collectively, exceed the remaining Policy proceeds.

35.     On March 21, 2014, AXIS sent a letter to the Insureds proposing to equally divide the remaining Policy proceeds among the Insureds in attempt to treat the Insureds equally. AXIS requested that the Insureds respond by March 31, 2014 to indicate whether they would object to AXIS' proposal.

36.     As of March 31, 2014, at least one of the Insureds objected to AXIS' proposal to equally divide the remaining Policy proceeds among the Insureds.

## COUNT I - INTERPLEADER

37.     AXIS incorporates the allegations of paragraphs 1 through 36 above as though fully set forth herein.

38. Despite AXIS' attempt to extricate all of the Insureds from the Trustee's claims, the Trustee is unwilling to agree to a settlement with all Insureds for an amount within the remaining Policy proceeds.

39. The Trustee has issued settlement offers to certain of the Insureds which, collectively, exceed the remaining Policy proceeds.

40. At least one of the Insureds has objected to AXIS' proposal to equally divide the remaining policy proceeds among all of the Insureds.

41. Each of the Insureds contends that he is entitled to some or all of the remaining Policy proceeds.

42. Therefore, there are competing demands for Defense Costs and indemnity against the remaining Policy proceeds.

43. The remaining Policy proceeds are insufficient to satisfy the competing demands.

44. AXIS will pay the remaining Policy proceeds in the defense and/or settlement of the Trustee's claims against the Insureds.

WHEREFORE, because there are competing demands by the Insureds against the remaining Policy proceeds, and because AXIS cannot choose one Insured over another Insured, AXIS hereby requests that this Court adjudge, declare and/or decree the following:

    a) That an order be issued requiring the Insureds to interplead their claims for the remaining Policy proceeds;

    b) That an order be issued discharging AXIS from any liability to the Insureds with respect to the Trustee's claims and the Policy;

c) That an order be issued permanently enjoining and restraining each of the Insureds from instituting or prosecuting any action against AXIS in connection with the Trustee's claims and the Policy; and

d) Granting such other relief as the Court may deem proper.

RESPECTFULLY SUBMITTED this 2nd day of April, 2014.

CHRISTENSEN & JENSEN, PC


*/s/ Heidi G. Goebel*
Heidi G. Goebel
*Attorneys for AXIS Surplus Insurance Company*