IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY,<br><br>                       Plaintiff,<br>vs.<br><br>ROBERT D. GERINGER; KIRBY D. COCHRAN; ROBERT CLAWSON; DOUGLAS W. CHILD; JEFF AUSTIN; WILLIAM H. DAVIDSON; WILLIAM K. WARWICK; WILLIAM GRUNDY; and KEITH GREEN,<br><br>                       Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  2:14CV244 DAK |

This matter is before the court on the Trustee D. Ray Strong's (the "Trustee") Motion to Approve Settlement and also on his Motion to Intervene.  A hearing on the motions was held on July 2, 2015.  At the hearing, the Trustee was represented by Milo Steven Marsden and Sarah E. Goldsberg.  Plaintiff Axis Surplus Insurance Company ("Axis") was represented by Michael T. Skoglund and Heidi G. Goebel.  Defendant Robert Geringer was represented by George B. Hoffman; Defendants Jeff Austin, Keith Green, and William Grundy were represented by David F. Olsky; Defendant Douglas Child was represented by Loren E. Weiss; the Cochran Estate was represented by Phillip G Jones, and Defendants William Davidson and William Warwick were represented by Oliver K. Myers.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to these motions.  Now being fully advised, the court renders the following Memorandum Decision and

Order.

The Trustee and Defendant William Warwick have moved the court to approve their settlement agreement (the "Settlement Agreement.")[1]  The Settlement Agreement, as amended, provides, among other things, that:

(a)   For and in consideration of the amount of Four Hundred Thousand Dollars ($400,000.00) (the "Settlement Amount"), the Trustee and Warwick will release each other from any and all claims that the Parties may have against each other;

(b)   Upon execution of the Agreement, Warwick will pay Two Hundred Thousand Dollars ($200,000.00) to the Trustee's counsel to be held in trust for the benefit of the Trusts until the date that the Court enters an Order approving the Settlement Agreement, which amount has already been paid. The Trustee shall seek further payment from the AXIS Policy;

(c)   Warwick has assigned to the Trustee any and all rights Warwick has under the AXIS Policy, which includes, without limitation, Warwick's right to pursue claims against AXIS as an insured thereunder; and

(d)   Warwick agrees to cooperate with the Trustee in his administration of the Debtors' estates and the Trusts.

In determining whether to approve a proposed settlement, a court is not required to conduct a "mini-trial" to decide the questions of law or fact raised by the settlement.[2]  Rather, a court must determine whether the settlement is fair, equitable, and in the best interests of

---

[1] *See* Docket No. 83, Attachment 1, (Amended Motion for Approval of Settlement Agreement Between Trustee and William Warwick Under Federal Rule of Bankruptcy Procedure 9091.); Docket No. 98, Attachment 2 (same).

[2] *Comm. of Unsecured Creditors v. Interstate Cigar Dist., Inc. (In re Interstate Cigar Co.)*, 240 B.R. 816, 822 (Bankr. E.D.N.Y. 1999).

the Debtor's estate.[3]   Also, a court should approve a settlement agreement unless it falls "below the lowest point in the range of reasonableness."[4]   The Bankruptcy Appellate Panel for the Tenth Circuit has established the following four factors (referred to as the "*Kopexa* Factors*"*) that courts should consider in determining the propriety of a settlement for purposes of approval under Bankruptcy Rule 9019:

> (1) the probable success of the underlying litigation on the merits;
> (2) the possible difficulty in collection of a judgment;
> (3) the complexity and expense of the litigation; and
> (4) the interest of creditors in deference to their reasonable views.[5]

In their motion, the Trustee and Mr. Warwick contend that an evaluation of the *Kopexa* Factors demonstrates that the Settlement Agreement is fair, equitable, and in the best interests of the Debtors and the Trusts.

Initially, Mr. Geringer objected to the settlement, but he has now withdrawn his objection.[6]   Defendants Douglas W. Child, Jeffrey Austin, William Grundy, and Keith Green (collectively,"Defendants") have opposed the motion on the ground that the proposed order violates the Private Securities Litigation Reform Act of 1995 ("PSLRA") because it does not contain a contribution bar and judgment credit provisions, which they contend are required.

---

[3] *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1967).

[4] *In re Carson*, 82 B.R. 847, 853 (Bankr. S.D. Ohio 1987) (internal quotes omitted).

[5] *C.K. Williams, Inc. v. All Am. Life Ins. Co. (In re Kopexa Realty Venture Co.)*, 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997).

[6] Docket No. 24.

In their briefing, these Defendants offer various proposed changes to the Settlement Agreement to bring it into compliance with the PSLRA, in their view.  The Trustee and Mr. Warwick, while not conceding that the proposed changes are required by the PSLRA, do not oppose the proposed changes and have offered to work with these Defendants to revise the Settlement Agreement to incorporate the revisions sought by these Defendants.

Defendants Child, Austin, Grundy, and Green are also opposed to the instant motion because, they claim, it is not in the best interests of creditors (such as Austin and Grundy) because the professional fees required to litigate the settlement will likely exhaust the cash that Mr. Warwick will provide the Trustee.

The court, however, after considering the evidence and the arguments of counsel, finds that the settlement is fair, equitable, and in the best interests of the Debtors and the Trusts.  For the reasons set forth in the Trustee's supporting memoranda,[7] the court finds that in evaluating the evidence relating to the *Kopexa* factors, the evidence weighs in favor of approving the settlement.  Thus, the court approves the Settlement Agreement.  The Trustee, however, is directed to file an Amended Settlement Agreement that addresses the PSLRA concerns of Defendants Child, Austin, Grundy, and Green.

Because the court has approved the Settlement Agreement, the court will also permit the Trustee to intervene in this matter.  Accordingly, the Trustee's Motion to Intervene is granted.  The court will next hear Axis' Motion for Summary Judgment and the Trustee's

---

[7] *See* Docket Nos. 98-2 & 123.

4

Motion to Defer Consideration of Axis' Motion for Summary Judgment to Allow Discovery. The motion hearing will be held on Wednesday, September 9, 2015 at 3:00.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion to Approve Settlement is GRANTED.[8] The Trustee is directed to file an Amended Settlement Agreement, as discussed above, to address the PSLRA-related concerns of certain Defendants. In addition, the Trustee's Motion to Intervene [Docket No. 36] is GRANTED. A hearing on Axis' Motion for Summary Judgment [Docket No. 41] and the Trustee's Motion to Defer Consideration of Axis' Motion for Summary Judgment [Docket No. 63] is hereby set for hearing on Wednesday, September 9, 2015 at 3:00 in courtroom 3.400.

DATED this 17th day of of July, 2015.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[8] Docket Nos. 83-1 & 98-2.