IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **AXIS SURPLUS INSURANCE COMPANY,**<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>**ROBERT D. GERINGER; KIRBY D. COCHRAN; ROBERT CLAWSON; DOUGLAS W. CHILD; JEFF AUSTIN; WILLIAM H. DAVIDSON; WILLIAM K. WARWICK; WILLIAM GRUNDY; and KEITH GREEN,**<br><br>　　　　　　　　　　Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:14CV244 DAK |

This matter is before the court on the following motions for summary judgment: (1) Joint Motion for Summary Judgment and For Distribution of Interpleaded Funds filed by D. Ray Strong, Liquidating Trustee and Defendant William K. Warwick, (2) Defendants Jeff Austin, Keith Green, William Grundy, and Douglas W. Child's Cross Motion for Summary Judgment;[1] (3) Joint Motion for Summary Judgment and for Per Capita Distribution of Interpleaded Funds filed by Defendants Kirby D. Cochran, Douglas Child, Jeff Austin, William Grundy, and Keith Green; and (4) Defendant William H. Davidson's Motion for Summary Judgment and for Per Capita Distribution of Interpleaded Funds and Cross Motion for Summary Judgment to Deny the Trustee Any Distribution from the Interpleaded Funds.

---

[1] This motion was joined by Defendant Davidson.  *See* Docket No. 140.

At the hearing, the Trustee was represented by Milo Steven Marsden and Sarah E. Goldsberg.  Defendant Robert Geringer was represented by George B. Hoffman;  Defendants Jeff Austin, Keith Green, and William Grundy were represented by David F. Olsky; Defendant Douglas Child was represented by Loren E. Weiss; the Cochran Estate was represented by Phillip G Jones;  Defendants William Davidson was represented by Mark T. Hiraide.   Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to these motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

This interpleader case concerns how to equitably distribute the interpleaded funds, which currently total approximately $575,000, among nine potential claimant-Defendants.[2] There is no dispute that the legal fees incurred so far in this interpleader action far exceed the remaining funds.

Through his motion for summary judgment, the Trustee seeks $200,000 of the funds as the assignee of Defendant William Warwick's right to policy funds after Warwick entered into a Settlement Agreement with the Trustee.  The Trustee argues that the court should follow a "first in time, first in right" rule, which would also support the policy of encouraging settlements.   All other Defendants oppose this method on a variety of grounds.  With one

---

[2] One named Defendant has not appeared in this action, but there is also no evidence in the docket that he was served with the Complaint and Summons.  This issue will be addressed below.

exception, all other Defendants urge the court to distribute the funds on a per capita basis.[3]

The court, sitting in equity, concludes that the most fair and equitable method for distributing the remaining funds is to distribute them on a per capita basis. As the court stated in *In re National Century Financial Enterprises, Inc. v. Gulf Insurance Company, Inc.*: "Although equity generally dictates a pro rata distribution where there are numerous claims to limited proceeds, this Court believes that equity would be better served if a per capita approach is taken in this case." 2005 WL 6242169, at *10 (Bankr. S. D. Ohio 2005). The *National Century* court went on to state that "[t]here are limited funds available to the directors for their defense costs and the directors will inevitably accrue a great deal more defense (and perhaps judgment) costs as the . . . litigation move[s] forward. Given that defense costs of the directors have and will far exceed the amount of available proceeds, equity would dictate that each party be given an equal amount to use as they see fit. This Court will thus take a per capita approach and divide the remaining Proceeds evenly among the seven directors." *Id*. at *11.

Several of the Defendants who urge a per capita distribution suggest that the court first require each Defendant to submit a claim, detailing its defense costs. While the court agrees

---

[3] Defendant Geringer opposes the Trustee's motion for summary judgment, arguing that the Trustee is not entitled to any of the proceeds. He also opposes using a per capita distribution method and argues that this matter must go to trial to determine how much each Defendant should be awarded. In light of the undisputed fact that the legal fees incurred in arguing about how to properly distribute the policy proceeds already exceed the remaining funds, the court summarily rejects this proposal.

with these Defendants that a per capita distribution method is the most fair and reasonable distribution method, the court does not agree that there is anything to be gained by requiring each Defendant's counsel to incur additional fees by submitting detailed claims, particularly when the remaining amount will be distributed evenly regardless of the proven costs. Accordingly, the court will simply divide the remaining funds among the nine Defendants, and each defendant is directed to file a "Notice," providing the specific payment information to the court by no later than January 22, 2016.[4]

Defendant Warwick, however, has assigned his right to the policy proceeds to the Trustee, and thus, Mr. Warwick's share shall be paid to the Trustee. In addition, it remains unclear at this point whether Defendant Clawson is entitled to a share of the proceeds. As mentioned above, he has not appeared in this action, but there is also no evidence that he was ever served with a Summons and Complaint.

Accordingly, the court directs David F. Olsky to contact counsel for Axis Insurance regarding whether service of process was accomplished on Mr. Clawson. If service was accomplished, Axis Insurance shall file the Proof of Service with the court (or provide it to Mr. Olsky to file) by no later than December 21, 2015. If Mr. Clawson was served but chose not to participate in this action, he will not receive notice of this Order and will not receive any of the distribution. Rather, his share will be divided among the eight other Defendants. If Mr.

---

[4] Each Defendant shall provide the name to whom the check should be made payable, along with the address to which the payment shall be sent.

Clawson was never served, however, he will likely be awarded his share of the proceeds, provided that he files a Notice of Appearance, along with the payment information required above, by January 22, 2016.  If proof of service is filed with the court, the court directs any party to this action having contact information for Mr. Clawson to provide such information to the court as soon as possible, in the form of a "Notice," and also to send a copy of this Order to Mr. Clawson, along with filing a Notice of with the court that a copy was sent.   The court will also send a copy of this Order to Mr. Clawson upon receiving his contact information.  After January 22, 2016, the court will issue an Order regarding the disbursement of the remaining funds.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Joint Motion for Summary Judgment and For Distribution of Interpleaded Funds filed by D. Ray Strong, Liquidating Trustee and Defendant William K. Warwick [Docket No. 37] is GRANTED in part and DENIED in part.  Mr. Warwick will not receive a $200,000 distribution but will receive a per capita distribution, which will be made payable to the Trustee pursuant to Mr. Warwick's assignment of his right to a distribution pursuant to the parties' settlement agreement;

(2) Defendants Jeff Austin, Keith Green, William Grundy, and Douglas W. Child's Cross-Motion for Summary Judgment [Docket No. 144] is GRANTED in part and DENIED in part.  Defendants will receive a per capita distribution;

(3)     Joint Motion for Summary Judgment and for Per Capita Distribution of Interpleaded Funds filed by Defendants Kirby D. Cochran, Douglas Child, Jeff Austin, William Grundy, and Keith Green [Docket No. 85] is GRANTED in part and DENIED in part. Defendants will receive a per capita distribution; and

(4)     Defendant William H. Davidson's Motion for Summary Judgment and for Per Capita Distribution of Interpleaded Funds and Cross-Motion for Summary Judgment to Deny the Trustee Any Distribution from the Interpleaded Funds [Docket No. 150] is GRANTED in part and DENIED in part.  Mr. Davidson will receive a per capita distribution;

(5)     The Defendants in this case shall file payment information with the court in the form of a Notice by January 22, 2016.

(6)     Procedures regarding Defendant Robert Clawson are set forth above.

DATED this 7th day of of December, 2015.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge